Rhonda Lunsford, SBN #219239
P.O. Box 31
San Leandro, CA 94577
(510) 759-9529
rrlunsford@hotmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| John Doe, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT FOR:** |
| U.S. Office of Personnel Management, | ) 1. **EXPEDITED HEARING** |
| | ) 2. **EMERGENCY PRELIMINARY INJUNCTION** |
| Defendant. | ) 3. **ORDER TO COMPEL** |
| | ) **INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

1. This Court has subject matter jurisdiction over this case because it arises under the Federal Employees Health Benefits Act of 1959 (FEHBA), 5 U.SC. §8901, which authorizes the U.S. Office of Personnel Management (OPM) to contract with private insurance carriers to offer healthcare plans to federal employees and eligible family

- 1 -
COMPLAINT

1. members. The statute conveys a right to employees to challenge the denial of health benefits in federal court.

2. Venue is proper within this Court as Plaintiff's official place of residence is in the San Francisco/Oakland District.

3. Intradistrict Assignment to the Oakland Division of this Court is proper as Plaintiff's official place of residence is in the San Francisco/Oakland District.

## STATEMENT OF THE CASE

Plaintiff, by and though his attorney representative, respectfully requests this Court issue an emergency preliminary order to enjoin the termination or reduction of Plaintiff's health benefits pending the outcome of this complaint, and to issue an order to compel Defendant to direct the plan to provide benefits in conjunction with denied claim, Reference#: ▇4295. Plaintiff alleges:

4. Plaintiff is a federal employee and maintains primary insurance coverage ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (hereinafter "the plan"), administered by Defendant.

5. The plan has denied Plaintiff's inpatient hospital stay from November 2, 2023, to December 3, 2023, and from December 6, 2023, until discharge.

6. As a result of the denied hospital stay, Plaintiff is under constant pressure to leave, causing emotional distress.

7. On March 25, 2024, Plaintiff filed an urgent internal appeal with the plan regarding the denied hospital stay. On March 26, 2024, Plaintiff filed a concurrent expedited external review with Defendant related to the denied hospital stay.

8. Plaintiff has received no written final decision from either the plan or Defendant.

9. Plaintiff has █████████████████████████████ that impacts the skin, joints, and multiple organs. The ████████ has led to flexion contractures in the upper and lower extremities that has resulted in significant impairments in mobility. The ████████ has also caused Plaintiff to have thin, fragile skin that is prone to skin breakdown that leads to frequent infections and chronic pain.

10. Plaintiff requires daily complex wound treatment and dressing changes for pressure ulcers and open wounds, pain management, and would benefit from additional rehabilitation to maintain function and to prevent the worsening of the contractures and skin wounds. Plaintiff's current goals are to continue rehabilitation therapies in order to regain maximum function and independence and return home.

11. According to the hospital, referrals to approximately two hundred (200) skilled nursing, subacute, and long-term acute care (LTAC) facilities have been sent, with one accepting LTAC facility able to provide infusions, daily complex wound care, and daily rehabilitation with the ultimate goal of discharge to a lower level of care or to home.

12. The LTAC facility requested pre-authorization to treat Plaintiff from January 12, 2024 to January 18, 2024, and until the date of discharge, and again from February 1, 2024 and February 7, 2024 until discharge. The Plan denied pre-authorization for inpatient admission based on medical necessity.

13. Plaintiff submitted urgent internal appeals to the plan on February 5 and February 12, 2024.

14. On 22 March 2024, the hospital notified Plaintiff that the accepting LTAC facility was no longer available.

15. That same day, the hospital advised Plaintiff that resources had been exhausted and no additional referrals would be sent. The hospital also denied Plaintiff's request for a provider list of additional nursing facilities to pursue.

16. Instead, the hospital proposed a transfer to an assisted living retirement community in Southern California (400+ miles from Plaintiff's official residence). Plaintiff's representative contacted the facility directly and was advised that the facility does not provide medical care, rehabilitation therapy, or transportation to medical appointments.

17. To make matters more difficult, it has been challenging to identify skilled nursing facilities that will accept Plaintiff's insurance coverage as primary. The provider lists provided by the plan include facilities that are out of business, facilities that are not part of the plan's network, and facilities that only accept the insurance secondary to Medicare.

18. Plaintiff currently requires daily skilled care and lacks the support and equipment at home for a safe discharge to home. A discharge to home at this time would likely to lead to a worsening of Plaintiff's condition and irreparable bodily harm.

19. Plaintiff is medically fragile which makes planning and placement challenging. Plaintiff requires additional time to either locate a nursing facility that can accommodate his complex wound care, pain management, and rehabilitation needs, or transfer to a hospital that will work with Plaintiff on finding appropriate placement, or make alternative arrangements.

20. Plaintiff is working with the county to secure additional in-home support and is working to secure accessible equipment and adaptations that would allow Plaintiff to safely recover at home if that is the only option.

**Claims**

Plaintiff alleges that Defendant is in violation of the internal claims and appeals and external review mandate set forth in the Patient Protection and Affordable Care Act (the Affordable Care

Act or ACA, Public Law 111-148, enacted on March 23, 2010), and the final regulations implementing the ACA, codified at 29 CFR 2590.715-2719. Plaintiff alleges:

21. Plaintiff has not been offered a full, fair, and timely internal appeal or external review in conjunction with claim Reference #: ▮4295.

22. Defendant has failed to follow codified expedited procedures and notification requirements in processing claim Reference #: ▮4295. Expedited procedures must be applied in situations where waiting for the regular time limit for non-urgent care claims could: a) Seriously jeopardize your life or health; b) Seriously jeopardize your ability to regain maximum function; or c) In the opinion of a physician with knowledge of your medical condition, waiting would subject you to severe pain that cannot be adequately managed without the care or treatment that is the subject of the claim.

23. Defendant has also failed to adhere to the prescribed timelines for adjudicating claim Reference #: ▮4295, which require notifying claimants of a benefit determination as soon as possible, taking into account the medical exigencies, but not later than 72 hours after receipt of the claim by the plan unless additional information is needed from the claimant. Further, the regulations allow for both internal appeals and external reviews to run concurrently when dealing with urgent care claims.

24. Defendant has failed to comply with the regulatory requirement to provide continued coverage pending the outcome of the appeal process on claim Reference #: ▮4295.

25. Due to the significant procedural defects outlined above, Plaintiff's administrative processes must be "deemed exhausted" and ripe for judicial review.

26. Plaintiff has additional procedurally defective adverse benefit determination claims that warrant judicial review. Plaintiff respectfully reserves the right to seek judicial review of those claims.

# **PRAYER FOR RELIEF**

27. An emergency order to enjoin the termination or reduction of Plaintiffs health benefits pending the outcome of this complaint.

28. A decision that Plaintiff has exhausted administrative review processes related to claim Reference #: ████4295.

29. An order requiring Defendant to invoke its contractual right to direct the plan to provide benefits related to claim Reference #: ████4295.

30. An order affirming Plaintiff's right to seek judicial review of additional adverse benefit determination claims.

31. Plaintiff demands a jury trial.

Respectfully submitted,

DATED: April 21, 2024

/s/Rhonda Lunsford

Rhonda Lunsford
P.O. Box 31
San Leandro, CA 94577
(510) 759-9529
rrlunsford@hotmail.com