UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOES 1-5,<br><br>        Plaintiff,<br><br>    v.<br><br>PERSONNEL MANAGEMENT, OFFICE OF,<br><br>        Defendant. | Case No. 24-cv-02371-RFL<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 32 |

Plaintiff John Doe alleges that the Office of Personnel Management ("OPM") improperly denied him essential health benefits and subjected him to unlawful discrimination, harassment, and retaliation. In his Second Amended Complaint ("Complaint" or "SAC"), Plaintiff brings the following claims: unlawful denial of Federal Employee Health Benefits ("FEHB") (Count I); violation of Section 501 of the Rehabilitation Act (Count II); violation of Section 504 of the Rehabilitation Act (Count III); violation of Title VII (Count IV); harassment and creation of a hostile work environment (Count V); retaliation for protected activity (Count VI); and violation of the Fifth Amendment (Count VII). On February 4, 2025, OPM filed a motion to dismiss. (Dkt. No. 32.) OPM seeks partial dismissal of Count I insofar as Plaintiff's claim relies on any OPM appeals other than #Y24017002 ("x7002 appeal") and #Y24126001 ("x6001 appeal"). OPM also seeks dismissal of the remaining claims for failure to state a claim. For the reasons explained below, OPM's motion is **GRANTED**. Accordingly, Plaintiff's claim for denial of health benefits (Count I), to the extent it relies on the x7002 and x6001 appeals, is his only surviving claim. However, as detailed below, Plaintiff may amend his claim to add information about OPM Appeal #Y24310004 ("x0004 appeal"). This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

*Count I: Unlawful Denial of Health Benefits.*  This claim is based on OPM's alleged denial of the following appeals: OPM Appeals #Y23173003 ("x3003 appeal") and #Y24126002 ("x6002 appeal"), as well as the x0004, x6001, and x7002 appeals.  The prior order on the motion to dismiss concluded that the Court lacked subject matter jurisdiction over the x3003 appeal (Exhibit G) and the x6002 appeal (Exhibit L).  The allegations of the Second Amended Complaint do not alter this conclusion.  With respect to the x3003 appeal, OPM approved Plaintiff's request for benefits at Kentfield long-term care facility, which extinguished any live controversy between the parties regarding that appeal.  Plaintiff alleges that he sought care at UCLA (a different facility) a couple months later, which Blue Cross Blue Shield refused to approve, but he does not allege that he was subsequently denied coverage for care at Kentfield or, if that occurred, how OPM was responsible for that.  Plaintiff did not appeal the denial of benefits for care at UCLA.  (SAC ¶ 82; *id.*, Exh. H.)  As such, the dispute over the x3003 appeal is moot.  The Court similarly lacks subject matter jurisdiction over the x6002 appeal, as Plaintiff does not contest.  At this time, the appeal has resulted in zero patient liability, but the bill has not been finalized, which means there is currently no ripe controversy between the parties.  Accordingly, Count I is dismissed for lack of subject matter jurisdiction to the extent that it is based on the x3003 and x6002 appeals.

In addition, OPM argues that Plaintiff fails to state a claim because the operative complaint does not allege he exhausted his administrative remedies prior to initiating judicial review with respect to many of the denials for benefits.  As explained in the Court's prior order on the motion to dismiss, the administrative review process is mandatory.  5 C.F.R. § 890.107(d); *see also Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 980 (9th Cir. 2007) ("FEHBA's implementing regulations establish a mandatory administrative remedy that is available to a party who believes that a carrier has wrongfully denied benefits.  OPM's finding may be challenged in federal court, but only after exhaustion of this process.").  With respect to Reference #H78922891 (Exhibit A), #A22221436 (Exhibit B),

#&FEP (Exhibit C), and #H63663536[1] (Exhibit H), Plaintiff did not appeal the denials to Blue Cross Blue Shield—meaning that he did not take the first step to initiate the administrative review process.  As a result, neither OPM nor Blue Cross Blue Shield were afforded the opportunity to consider the appeals, which may have resulted in the provision of administrative remedies.  With respect to Reference #H67376772 (Exhibit D), #H15668850 (Exhibit E), and #H85206698 (Exhibit F), Plaintiff alleges that he appealed the denials to Blue Cross Blue Shield, but that no response was provided and that no appeal was taken with OPM.  According to regulation, an insurance carrier has 30 days to respond to any request for reconsideration.  *Id.* § 890.105(b)(2).  If a carrier fails to respond, the individual must appeal the denial to OPM within 120 days after the date of the individual's timely request for reconsideration by the carrier.  *Id.* § 890.105(e)(1)(ii).  Therefore, to exhaust his administrative remedies and thus seek judicial review of OPM's decision, Plaintiff was required to appeal the denials to OPM.

    Plaintiff alleges that he did not appeal to OPM because it was futile.  Assuming without deciding that the court may "excuse exhaustion if administrative remedies would be futile" in the context of an FEHB claim, Plaintiff has not alleged the facts necessary to support futility.  *Bryan v. OPM*, 165 F.3d 1315, 1319 n.4 (10th Cir. 1999); *see also Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004) ("Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered.").  "When exhaustion of remedies would be 'futile' means whether 'nothing could be gained from permitting further administrative proceedings.'"  *Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1035 (E.D. Cal. 2012) (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1164 (9th Cir. 2000)).  "The purpose of the exhaustion rule is to permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial

---

[1] The Complaint lists Reference #H73184295 in association with both Exhibits H and L.  However, this appears to be in error, because Exhibit H lists Reference #H63663536 as the correct identifier.  For clarity, the Court uses the number listed on Exhibit H, not the number used in the Complaint.

decisions by giving the agency an opportunity to correct errors." *Id.* (internal quotations and citation omitted). As previously explained, Plaintiff could have gained something from further administrative proceedings: that is, OPM may have granted his appeals. Combined with the fact that Plaintiff failed to allege any facts demonstrating why further administrative review was futile, the administrative exhaustion requirement is not excused.

Accordingly, Count I is dismissed for lack of exhaustion of administrative remedies to the extent that it is based on appeals other than x7002 (Exhibit I) and x6001 (Exhibits J and K). Because Plaintiff has already had an opportunity to amend to allege administrative exhaustion following the first motion to dismiss order, and has not succeeded in doing so, the dismissal is without leave to amend, except as to appeal x0004. In Plaintiff's opposition to OPM's motion to dismiss, he sought leave to amend his Complaint to add allegations regarding appeal x0004, which was denied by OPM on January 15, 2025 (though the letter was postmarked January 24, 2025). Because Plaintiff received notice of the denial after filing his Second Amended Complaint, the Court will allow Plaintiff to amend his allegations to include information about this appeal.

***Count II: Violation of Rehabilitation Act Section 501.*** To state a claim under Section 501, a plaintiff must show that (1) they are "a person with a disability" (2) who is "otherwise qualified, with or without reasonable accommodation, to perform the essential functions of [their] job" and (3) who "suffered discrimination because of [their] disability." *Antonucci v. Toro*, 23-cv-02579, 2024 WL 5185329, at *6 (N.D. Cal. Sept. 30, 2024) (internal citations omitted). Plaintiff has failed to allege the facts necessary to state a claim on this basis. The only allegations contained in the Complaint are conclusory: that is, that OPM "discriminated against Plaintiff on the basis of disability . . . in the provision of health insurance coverage"; that Blue Cross Blue Shield "discriminated on the basis of disability by providing benefits that are unequal to the benefits provided to other employees, and applied the terms and provisions of its benefits plan in a discriminatory manner when it failed to authorize rehabilitation treatment for this Plaintiff"; and that Blue Cross Blue Shield "engaged in discrimination through its benefit design

4

by utilizing medical necessity definitions and guidelines, inadequate provider networks, and utilization management techniques designed to limit coverage." (SAC ¶¶ 85-87.)  Though Plaintiff alleges that he has been repeatedly denied coverage, Plaintiff does not allege specific facts sufficient to support a plausible inference that these denials were because of his disability.  Accordingly, the motion to dismiss with respect to this claim is granted.

   *Count III: Violation of Rehabilitation Act Section 504.*  "Section 504 does not provide a private cause of action for disability discrimination by a federal employee against a federal employer."  *Antonucci*, 2024 WL 5185329, at *6 (internal citation omitted).  Instead, Section 501 provides the "exclusive remedy for discrimination" in that context.  *Id.* (quoting *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985)).  As already described, Plaintiff failed to state a claim under Section 501, and cannot properly bring a claim under Section 504.  Accordingly, the motion to dismiss with respect to this claim is granted.

   *Count IV: Violation of Title VII.*  "To allege a prima facie claim of discrimination based on race under Title VII, a plaintiff must allege sufficient facts showing that [they] (1) belong[] to a protected class, (2) [were] performing [their] job satisfactorily, (3) sustained an adverse employment action, and (4) similarly situated individuals outside the protected class were treated more favorably."  *O'Bard-Honorato v. O'Rourke*, No. 17-cv-09179, 2019 WL 4451234, at *4 (C.D. Cal. Apr. 24, 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

   Plaintiff has not alleged sufficient facts to make out a prima facie claim.  Plaintiff's Complaint includes the following allegations: that he has "not been afforded the same opportunity to participate in the FEHB program and has been provided unequal benefits," that rates of his condition are "higher among African Americans," and that Blue Cross Blue Shield has "adopted and implemented clinical policies and guidelines concerning the indication for treatment of scleroderma that are infected with an inherent institutional prejudice and disproportionately and negatively affect African Americans." (SAC ¶¶ 103, 106-07.)  But it is not enough to "simply allege that there is a disparate impact . . . or point to a generalized policy that leads to such an impact."  *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005).  Rather,

Plaintiff was required to provide sufficient facts to support a plausible inference that the identified policy caused the disparate impact. He has not done so. For example, Plaintiff has not alleged any specific facts about Blue Cross Blue Shield's medical necessity policy for scleroderma or facts showing that policy to be less favorable than the policy for similar conditions occurring at a lower rate among African Americans. Nor has he identified any specific policy at OPM that caused Blue Cross Blue Shield to adopt this particular aspect of its medical necessity policy. Accordingly, the motion to dismiss this claim is granted.

*Count V: Harassment/Hostile Work Environment Claim.* To prevail on a hostile work environment claim based on race, a plaintiff must show: (1) that they were "subjected to verbal or physical conduct of a racial [] nature"; (2) that "the conduct was unwelcome"; and (3) that "the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995)); *see also Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002).

Plaintiff has failed to state a claim. The crux of Plaintiff's claim is that OPM created a hostile work environment by "excluding Plaintiff's participation in the FEHB program and denying and delaying access to medically necessary health benefits." (SAC ¶ 111.) While Plaintiff has alleged sufficient facts, with respect to specific appeals, to survive a motion to dismiss on his unlawful denial of health benefits claim (Count I), these allegations cannot make out a claim for creation of a hostile work environment. Plaintiff has not alleged that he was subjected to verbal or physical conduct of a racial nature, nor has he alleged that the conduct was sufficiently severe or pervasive. *Antonucci*, 2024 WL 5185329, at *5 ("In determining whether conduct was sufficiently 'severe or pervasive,' a court considers 'all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020))). The motion to dismiss this claim is therefore granted.

*Count VI: Retaliation for Protected EEO Activity.* To plead a retaliation claim under Title VII or the Rehabilitation Act, a plaintiff must show: (1) involvement in a protected activity, such as filing a complaint alleging discrimination; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Manatt v. Bank of America, NA*, 339 F.3d 792, 800 (9th Cir. 2003). Plaintiff alleges that after he initiated a discrimination complaint with OPM, a Blue Cross Blue Shield case manager "stated that long term acute care was not the appropriate level of care for him" and changed his benefits determination in retaliation. (SAC ¶ 116.) However, Plaintiff does not allege that the Blue Cross Blue Shield case manager was aware that Plaintiff had filed a discrimination complaint, that any change to his benefits was connected to the filing of such complaint, or that OPM was responsible for that change, beyond the conclusory allegation just described. Thus, Plaintiff has failed to allege sufficient facts to sustain his claim. The motion to dismiss is granted.

*Count VII: Violation of the Fifth Amendment.* "To state a claim for a violation of the Due Process Clause under the Fifth Amendment of the United States Constitution, a party must establish that (1) the party possesses a liberty or property interest deserving of constitutional protection, and that (2) the party was deprived of notice and an opportunity to be heard related to the deprivation of that interest." *Sadideen v. United States Citizenship Immigr. Servs.*, No. 19-cv-05122, 2020 WL 3893388, at *3 (D. Ariz. July 10, 2020). Plaintiff's asserted property interest is in the benefits that he claims to have been unlawfully denied. As to the denials in which he has not yet exhausted the administrative process, the regulations gave him an opportunity to be heard by OPM, but he did not file the necessary appeals. As to the x7002 and x6001 appeals, those appeals are still being litigated, as judicial review is the final step in that review process. Though Plaintiff is understandably frustrated with the alleged delays and denials, he has failed to allege a constitutional claim that he was deprived of the opportunity to be heard in relation to the deprivation of the alleged property interest.[2] *See Markham v. United*

---

[2] Plaintiff also alleges that his health insurance with Blue Cross Blue Shield was terminated without prior notice and a fair hearing. (SAC ¶ 131.) As the Court explained in its prior order,

*States*, 434 F.3d 1185, 1188 (9th Cir. 2006).  Accordingly, the motion to dismiss with respect to this claim is granted.

     ***Leave to Amend.***  Plaintiff has been previously afforded opportunity to amend his Complaint.  Although he successfully amended his claim for unlawful denial of health benefits, the remaining claims do not survive dismissal.  Thus, further amendment appears futile at this time—with the limited exception for amendment to add allegations regarding the x0004 appeal.  OPM's motion to dismiss is otherwise granted without leave to amend.[3]

     ***Conclusion.***  For the reasons stated above, OPM's partial motion to dismiss is granted.  Because the motion is granted on the grounds stated above, the Court does not reach the remainder of OPM's arguments for dismissal.  Plaintiff's sole remaining claim is for the unlawful denial of health benefits (Count I) insofar as it relies on the x7002 and x6001 appeals.  If Plaintiff wishes to file an amended complaint to add allegations regarding the x0004 appeal, counsel shall do so by **May 2, 2025**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except as stated above, absent leave of the Court or stipulation by the parties pursuant of Federal Rule of Civil Procedure 15.

     **IT IS SO ORDERED.**

Dated: April 10, 2025

                                                              RITA F. LIN
                                                               United States District Judge

---

Plaintiff must plead additional information "regarding the type of process to which Plaintiff was entitled" and "the manner in which he was deprived of that process" to survive dismissal. (Dkt. No. 26 at 13.)  Plaintiff has not done so here, and has also not explained how OPM was responsible for the alleged wrong.

[3] In his opposition to OPM's motion to dismiss, Plaintiff requests leave to amend his complaint to add unknown claims against Blue Cross Blue Shield as a defendant.  The request is denied without prejudice to Plaintiff filing a noticed motion for leave to amend that attaches the proposed pleading as required under Local Civil Rule 10-1, and that explains why Plaintiff did not seek to add that defendant earlier in the case.