UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOES 1-5,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT,<br><br>          Defendant. | Case No.  24-cv-02371-RFL<br><br>**ORDER DENYING MOTION FOR<br>LEAVE TO FILE MOTION FOR<br>RECONSIDERATION**<br><br>Re: Dkt. No. 84 |

Before the Court is Plaintiff John Doe's motion for leave to file a motion for reconsideration.  (Dkt. No. 84.)  For the reasons that follow, the motion is **DENIED**.  Doe's motion does not identify any new material facts that have emerged since the entry of the order Doe seeks to have reconsidered.  (*Id*. at 4–6.)  During the further case management conference, Doe's counsel made the argument she now raises in the motion for leave: Doe's medical condition prevents him from being able to participate in discovery.  As the Court stated during the further case management conference, the limited discovery the Court authorized does not require Doe's participation.  The documents at issue might take some time to produce and review, and there is no reason to delay that process.  Defendants have also indicated that being able to review those documents is important for assessing the possibility of reaching a settlement.  If Doe needs more time to determine if documents are within the subpoena scope or if they should remain confidential under the protective order due to his medical condition, his counsel may meet and confer with Regents' counsel and raise the issue with the Court if no agreement can be reached.  Accordingly, Doe has failed to satisfy Local Rule 7-9, and the motion to reconsider is denied.

1

To the extent that Doe's motion requests clarification of the existing protective order, Doe's request to identify those individuals who have been provided with his medical records has already been denied for the reasons stated in the case management conference. Among other things, that request unfairly requires Regents to identify its testifying experts at an earlier stage than required and would require disclosure of consulting experts who may never testify. Regents has already submitted the required certification indicating that it has treated and will continue to treat the medical records already in its possession as Confidential under the Protective Order and has obtained agreements to be bound from those who have accessed and will access those records. (Dkt. No. 83.)

As to Doe's own obligations to pursue discovery, all discovery is stayed except the subpoenas already issued by Regents and any written discovery from Doe to Regents regarding the UCSF discharge. Doe had requested the ability to serve reciprocal written discovery on Regents at the further case management conference. If Doe no longer wishes to pursue such discovery from Regents, that will not constitute waiver, lack of diligence, or grounds for adverse inference, so long as Doe's medical condition continues to support good cause for the delay. As for the scheduling of settlement conferences, the parties may work with Magistrate Judge Krishnan on that issue to account for Doe's ability to participate, as already discussed at the further case management conference.

Based on the foregoing, Doe's request for clarification is denied as moot.

**IT IS SO ORDERED.**

Dated: April 13, 2026

_____
RITA F. LIN
United States District Judge

2