UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOES 1-5,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT,<br><br>    Defendant. | Case No.  24-cv-02371-RFL (AGT)<br><br>**ORDER ON PLAINTIFF'S THIRD<br>MOTION TO QUASH**<br><br>Re: Dkt. No. 86 |

The Court grants in part Plaintiff's third motion to quash Regents' subpoenas to third-party medical providers.[1]

*Medical Records*. Consistent with Judge Lin's order granting in part Plaintiff's second motion to quash, Regents amended their subpoenas to limit responsive medical records to those concerning Plaintiff's treatment for "dermatomysitis, diffuse scleroderma, and calcinosis cutis, with resulting chronic wounds . . . from December 29, 2022 to, and including, the present." *E.g.*, Dkt. 86-3 at 10. Judge Lin held that "[m]edical records (including billing records, communications, and images) concerning dermatomysitis, diffuse scleroderma, and

---

[1] After filing his third motion to quash, Plaintiff petitioned the Ninth Circuit for a writ of mandamus, challenging "a discovery and protective-order structure that permits irreversible disclosure and litigation use of . . . [his] protected health information ('PHI')." Dkt. 97 at 5. Despite the petition, the Court needn't delay resolving Plaintiff's motion. *See Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp.*, No. 14-CV-3073-PJH, 2016 WL 10859439, at *1 (N.D. Cal. Nov. 23, 2016) ("Since it is only in exceptional circumstances that such petitions are granted, 'the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending.'" (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995))).

calcinosis cutis [were] relevant to the treatment of the wound infection at issue in the UCSF discharge, to the extent that they cover[ed] the time period from December 29, 2022, to present." Dkt. 81. Plaintiff argues that the phrase "with resulting chronic wounds" in the amended subpoenas is too broad and will result in more responsive documents than what Judge Lin permitted. Dkt. 86 at 12–13. The undersigned concludes otherwise. The phrase "with resulting chronic wounds" reasonably targets records related to Plaintiff's wound infection. The amended subpoenas are sufficiently tailored to seek relevant medical records.

*Billing Records*. Inconsistent with Judge Lin's order granting in part Plaintiff's second motion to quash, Regents' amended subpoenas seek all billing records pertaining to Plaintiff's treatment from December 29, 2022, to present. *E.g.*, Dkt. 86-3 at 10. Judge Lin held that billing records were relevant if they concerned treatment for dermatomysitis, diffuse scleroderma, or calcinosis cutis. *See* Dkt. 81. As written, the amended subpoenas aren't so limited. The motion to quash is granted in this respect. Regents must further amend their subpoenas to target billing records related only to treatment for dermatomysitis, diffuse scleroderma, or calcinosis cutis.

*Protective Order*. Plaintiff objects to the fact that the amended subpoenas don't tell the subpoenaed third-party medical providers "that production is governed by the Protective Order." Dkt. 86 at 14. The subpoenas needn't include such a notice. The subpoenaed medical providers possess the records already. How they use or disclose those records is governed by their own legal duties. The Protective Order ensures that when documents are produced, the *receiving* party doesn't unnecessarily share confidential information. *See* Protective Order, 24-cv-09469-RFL, Dkt. 88 § 7.2 (allowing a "Receiving Party" to share confidential information with a limited group of persons if those persons sign the "Acknowledgement

and Agreement to Be Bound" by the Protective Order). Regents know that the Protective Order applies to them; they don't need to tell the third-party medical providers as much.

*Rule 45(a)(4) – Advance Notice.* Rule 45(a)(4) of the Federal Rules of Civil Procedure requires the party issuing a document subpoena to serve notice and a copy of the subpoena on the opposing party before serving it. Plaintiff maintains that Regents didn't comply with this requirement. *See* Dkt. 86 at 10 ("They served [me] with copies of the subpoenas . . . the same day [they] served the Providers."). Assuming, without deciding, that Regents didn't comply with Rule 45(a)(4), the Court confirms that going forward they must do so.

**IT IS SO ORDERED.**

Dated: June 4, 2026

Alex G. Tse
United States Magistrate Judge

3